UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARRIE LLOYD,

    Plaintiff,

CASE NO.:

vs.

CHT HARBORCHASE TRS TENANT CORP. d/b/a HABORCHASE OF VILLAGES CROSSING, a Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, CARRIE LLOYD ("Ms. Lloyd" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, CHT HARBORCHASE TRS TENANT CORP. doing business as HABORCHASE OF VILLAGES CROSSING ("CHT" or "Defendant"), a Foreign Profit Corporation, for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and for retaliation in violation of Florida's Private Whistleblower Act ("FWA"), at Fla. Stat. § 448.102.

**PARTIES**

1.    Plaintiff is an adult individual who performed services for Defendant in Orange County, Florida.

1

2. CHT is a Foreign Profit Corporation located in Orlando, Orange County, Florida, and which, at all times relevant, performed work in Orange County, Florida.

3. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

4. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

6. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) her mother suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take or attempt to take FMLA leave; and (b) Plaintiff was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## JURISDICTION AND VENUE

8. This is an action for damages exceeding $30,000.00, exclusive of attorneys' fees, interest, and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

10. This Court also has supplemental jurisdiction over Plaintiff's FWA claim, as it arises out of the same operative facts and circumstances as her FMLA claims.

11. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Defendant maintained an office location in Orange County, Florida, and Plaintiff worked for Defendant in Orange County, Florida, and for this reason venue is proper in this Court as well.

## STATEMENT OF FACTS

12. Ms. Lloyd worked for CHT as a Life Enrichment Director from February 4, 2020, until her termination on March 16, 2021.

13. During her time with CHT, Ms. Lloyd worked under four (4) different Executive Directors.

14. Her work was universally appreciated and praised by her first three (3) Executive Directors, but her last Executive Director, Mark Baumann, proved to be an unhinged, mentally and emotionally unstable, and reckless individual.

15. On or about February 4, 2021, Mr. Baumann yelled and screamed at one of CHT's residents, telling this poor lady that she had "brought COVID into the building" and telling her that that was why her husband had contracted COVID, and died.

16. Mr. Baumann's incompetent leadership caused resident care to suffer badly.

17. In January and February of 2021, Ms. Lloyd noticed that CHT staff were allowing residents to sit around in soiled diapers for hours, to have food on their faces for hours after meals, to be stuck wearing pajamas halfway through the day, and to have hair so messy that pictures could not even be taken.

18. In early March of 2021, alarmed and worried for the safety and health of CHT's residents, Ms. Lloyd objected to both CHT and the Florida Agency for Healthcare Administration that CHT's actions violated, *inter alia*, Fla. Stat. § 429.01, *et seq*., and Chapter 59A-36 of the Florida Administrative Code, and that CHT was not conducting its operations in a safe and sanitary manner or upholding resident dignity.

19. Ms. Lloyd's objections and disclosure constituted protected activity under the FWA.

20. On March 3, 2021, Ms. Lloyd also applied for a period of unpaid FMLA leave in order to treat and address a serious health condition suffered by her mother, specifically post-sternotomy ailments following triple bypass surgery.

21. Ms. Lloyd secured medical certification from her mother's treating physician while she was out on vacation from March 11, 2021, through March 15, 2021.

22. Ms. Lloyd planned to hand in the medical certification to CHT on March 16, 2021, upon her return to work at CHT.

23. However, CHT informed Ms. Lloyd on the morning of March 16, 2021, that it had decided to terminate her employment, effective immediately.

24. It is clear that CHT terminated Ms. Lloyd's employment because her mother suffered a serious health condition, because Ms. Lloyd was attempting to apply for a period of unpaid FMLA leave in order to treat and address her mother's serious health condition, and because of her objections to CHT's various violations of law.

25. Defendant terminated Plaintiff's employment because Plaintiff objected to and/or refused to participate in Defendant's violations of rule, regulation, or law and because she provided information to the Florida Agency for Healthcare Administration regarding Defendant's violations of rule, regulation, or law.

26. Defendant did not have a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff.

27. Any reason provided by Defendant for its adverse employment actions against Plaintiff is a pretext to cover up FMLA interference and retaliation, and retaliation for Plaintiff engaging in protected activity under the FWA.

28. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

29. There is a close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's violations of law/requesting FMLA/undergoing FMLA, and her termination.

30. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her requesting protected FMLA leave

31. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

32. The person or persons to whom Plaintiff voiced her objections to Defendant's violations of law was or were decision-makers in terms of retaliating against Plaintiff by terminating her employment.

33. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

34. As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

35. Plaintiff has been damaged as a result of Defendant's retaliation and termination of her employment.

36. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36, above.

38. At all times relevant hereto, Plaintiff was protected by the FMLA.

39. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

40. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA rights by, among other things, not providing her proper guidance, and sabotaging her leave efforts.

41. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36, above, as if fully set forth in this Count.

44. At all times relevant hereto, Plaintiff was protected by the FMLA.

45. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

46. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for disclosing her mother's serious health condition, and for applying or attempting to apply for FMLA leave.

47. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take leave pursuant to the FMLA.

48. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

49. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

50. Plaintiff realleges and incorporates all allegations contained within Paragraphs 12-36 of the Complaint as if fully set forth herein.

51. On March 16, 2021, Defendant illegally terminated Plaintiff from her employment in violation of Section 448.102(2)(3), Florida Statutes.

52. Plaintiff was retaliated against and terminated in violation of Section 448.102(2)(3), Florida Statutes, for objecting and disclosing information to a government agency regarding illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant, and/or for refusing to participate in same.

53. Plaintiff objected to, and disclosed information to a government agency, regarding a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, and/or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

54. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 7th day of November, 2022.

        Respectfully submitted,

**By:** */s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*